**[Cite as *State v. Johnson*, 2011-Ohio-3469.]**

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 95816

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## LOUIS JOHNSON

### DEFENDANT-APPELLANT

## JUDGMENT:
### AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-525279

**BEFORE:** Celebrezze, J., Stewart, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** July 14, 2011

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
940 Leader Building
526 Superior Avenue
Cleveland, Ohio   44114

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Marc D. Bullard
        Edward D. Brydle
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Appellant, Louis Johnson, appeals his convictions for drug trafficking and drug possession.  After a thorough review of the record and relevant law, we affirm.

{¶ 2}  On June 15, 2009, appellant was indicted for drug trafficking of benzylpiperazine ("ecstasy") in violation of R.C. 2925.03(A)(1), in an amount equal to or exceeding five times the bulk amount but less than 50 times the bulk amount, a felony of the second degree; drug trafficking of ecstasy in violation of R.C. 2925.03(A)(2), five times the bulk amount but less than 50

times the bulk amount, a felony of the second degree; drug possession in violation of R.C. 2925.11(A), a felony of the second degree; and possession of criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree.

{¶ 3} On September 13, 2010, the case was called for trial. At trial, Detective Michael Engelhart, of the Cuyahoga County Sheriff's Narcotics Unit, testified that on October 24, 2008, he received information from a confidential informant about a male who was selling ecstasy. The confidential informant only knew the male by the name "Woody." Woody was later identified as appellant's co-defendant, Fabian Berbick.

{¶ 4} On October 24, 2008, the confidential informant was utilized to stage a controlled buy of 200 ecstasy pills from Berbick for $1,300. Det. Engelhart testified that the confidential informant was outfitted with an audio transmitter, which allowed Det. Engelhart to listen to the transaction from his surveillance vehicle. Once the deal was completed, the confidential informant turned the pills over to Det. Engelhart. Lab tests performed by the Ohio Bureau of Criminal Investigation and Identification confirmed that the pills sold to the confidential informant were ecstasy.

{¶ 5} Based on the success of the October 24, 2008 controlled buy, Det. Engelhart decided to utilize the confidential informant for a second controlled buy from Berbick. On November 7, 2008, the confidential informant contacted Berbick and requested 500 ecstasy pills at a price of $3,250. The

parties agreed to meet at the same location as the first controlled buy. As in the first controlled buy, Det. Engelhart outfitted the confidential informant with an audio transmitter and positioned his team to observe the transaction from an unmarked police vehicle. Det. Engelhart testified that he waited for Berbick to enter the confidential informant's vehicle before sending takedown units in to make an arrest. Upon arresting Berbick, detectives recovered two clear plastic baggies from the area where Berbick was seated, which collectively contained 495 ecstasy pills.

{¶ 6} The record reflects that appellant arrived at the scene of the second controlled buy with Berbick and remained in Berbick's vehicle while the drug transaction took place. Once Berbick was arrested, Det. Englehart approached Berbick's vehicle and removed appellant from the passenger seat of the vehicle. Det. Engelhart testified that he retrieved a clear plastic baggie containing 284 ecstasy pills from the seat where appellant was sitting. Further, Det. Engelhart removed $1,940 from appellant's pants pocket.

{¶ 7} Berbick testified as a condition of his plea agreement and stated that appellant supplied him with the 500 ecstasy pills purchased by the confidential informant at the second controlled buy. Berbick indicated that appellant insisted on accompanying him to the location of the buy so that he could ensure that he would be paid immediately.

**{¶ 8}** At the conclusion of the state's case, appellant moved the court for acquittal pursuant to Crim.R. 29, which the court subsequently denied. On September 17, 2010, appellant was found guilty of drug trafficking in violation of R.C. 2925.02(A)(2) and drug possession in violation of R.C. 2925.11(A). The trial court moved directly to sentencing, and appellant was sentenced to a three-year term of incarceration on each count, to be run concurrently.Appellant raises four assignments of error for review.[1]**Law and Analysis**

**I. Sufficiency of the Evidence**

---

[1] Appellant's assignments of error are included in the appendix to this opinion.

**{¶ 9}** In his first assignment of error, appellant argues that the state failed to present sufficient evidence to sustain his convictions for drug possession and drug trafficking. The test an appellate court must apply in reviewing a challenge based on a denial of a Crim.R. 29 motion is the same as a challenge based on sufficiency of the evidence to support a conviction. *State v. Lopez*, Cuyahoga App. No. 94312, 2011-Ohio-182. When an appellate court reviews a record upon a sufficiency challenge, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶77, quoting *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

**{¶ 10}** After a review of the evidence presented at trial, we find that the prosecution presented substantial competent and credible evidence upon which the trier of fact could have reasonably concluded that the state proved the essential elements of drug trafficking and drug possession beyond a reasonable doubt.

## Drug Possession

**{¶ 11}** Appellant was convicted of drug possession in violation of R.C. 2925.11. In order to convict appellant of drug possession, the state was required to prove beyond a reasonable doubt that appellant knowingly possessed, obtained, or used a controlled substance. R.C. 2925.01(K) defines "possession" as "having control over a thing or substance." Possession of drugs can be either actual or constructive." *State v. Fogle*, Portage App. No. 2008-P-0009, 2009-Ohio-1005, ¶28, citing *State v. Rollins*, Paulding App. No. 11-05-08, 2006-Ohio-1879, ¶22. "Actual possession exists when the circumstances indicate that an individual has or had an item within his immediate physical possession. Constructive possession exists when an individual is able to exercise dominion or control of an item, even if the individual does not have the item within his immediate physical possession." *State v. Kingsland*, 177 Ohio App.3d 655, 2008-Ohio-4148, 895 N.E.2d 633, ¶13.

**{¶ 12}** The evidence adduced at trial reveals that the ecstasy confiscated by Det. Engelhart was within appellant's immediate physical possession and control. Det. Engelhart testified that when appellant was removed from Berbick's car, he observed that appellant had been sitting on a clear plastic baggie containing a large quantity of ecstasy pills. Appellant's possession of the quantity of drugs was corroborated by Berbick's testimony that appellant

kept the remaining ecstacy pills on his person once appellant separated 500 pills for Berbick to sell to the confidential informant.

{¶ 13} Appellant correctly notes that the mere presence in the vicinity of illicit drugs is not sufficient to prove the element of possession. See *Cincinnati v. McCartney* (1971), 30 Ohio App.2d 45, 281 N.E.2d 855; *State v. Haynes* (1971), 25 Ohio St.2d 264, 267 N.E.2d 787. In the instant case, however, the evidence goes well beyond mere presence in the vicinity of the controlled substance. See, generally, *State v. Pruitt* (1984), 18 Ohio App.3d 50, 480 N.E.2d 499.

{¶ 14} Given the testimony of Det. Engelhart and Berbick, we find that a reasonable trier of fact could conclude that appellant possessed the drugs that he was sitting on when Det. Engelhart removed him from the vehicle.

## Drug Trafficking

{¶ 15} Appellant was further convicted of drug trafficking in violation of R.C. 2925.03(A)(2). In order to convict appellant for drug trafficking, the state was required to prove beyond a reasonable doubt that appellant knowingly prepared for shipment, shipped, transported, delivered, prepared for distribution, or distributed a controlled substance with the intent to sell.

{¶ 16} Appellant argues that his conviction for drug trafficking was not supported by sufficient evidence because the conviction was based on the testimony of his codefendant, Berbick. Appellant contends that Berbick's

testimony was unreliable based on his motivation to receive a favorable plea agreement from the state. While we recognize that Berbick received a plea agreement in exchange for his testimony in this case, the weight to be given to the credibility of witnesses is reserved for the trier of fact. *State v. Thomas* (1982), 70 Ohio St.2d 79, 434 N.E.2d 1356. Further, the record reflects that the trial court gave proper jury instructions on evaluating the credibility and weight of an accomplice's testimony, and it is presumed that the jury followed the trial court's instructions. *State v. Jones*, 90 Ohio St.3d 403, 2000-Ohio-187, 739 N.E.2d 300.

{¶ 17} At trial, Berbick testified that appellant was his supplier for the second controlled buy with the confidential informant. The record reflects that on November 7, 2008, Berbick contacted appellant and asked whether he could supply the 500 ecstasy pills requested from the confidential informant. When appellant indicated that he could supply the pills, he instructed Berbick to pick him up at his home so that he could accompany Berbick to the site of the drug transaction.

{¶ 18} Berbick testified that when he arrived at appellant's home, appellant brought a large plastic baggie containing approximately 800 ecstasy pills into the vehicle. Berbick stated that while he was driving, appellant prepared the pills for the transaction by separating 500 of the 800 pills into two smaller plastic baggies. Berbick testified that the pills brought and

prepared by appellant were the pills subsequently sold to the confidential informant.

{¶ 19} Once Berbick was arrested, he gave a statement to the police indicating that he was the middleman in the whole procedure and that appellant supplied the ecstasy pills to him with the intent that he would sell the pills to the confidential informant.

{¶ 20} Based on Berbick's testimony and the large amount of ecstasy retrieved from appellant's possession, we find that the state's evidence demonstrated that appellant was not merely present at the crime scene, but was an active participant in the drug transaction. Accordingly, appellant's conviction for drug trafficking was supported by sufficient evidence.

{¶ 21} Appellant's first assignment of error is overruled.

## II. Manifest Weight of the Evidence

{¶ 22} In his second assignment of error, appellant argues that his convictions were against the manifest weight of the evidence. In determining whether a conviction is against the manifest weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 54, citing *Tibbs v. Florida* (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652. The reviewing court must examine the entire record, weigh the evidence and all reasonable

inferences, consider the credibility of the witnesses, and determine whether the jury "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id.

{¶ 23} The appellate court may not merely substitute its view for that of the jury, and reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." Id.

{¶ 24} In this matter, after examining the entire record and weighing the evidence and all reasonable inferences, we cannot say that appellant's convictions were against the manifest weight of the evidence. The evidence presented at trial demonstrated that appellant provided Berbick with approximately 500 ecstasy pills with the intent to have Berbick sell them to the confidential informant. Once Berbick was apprehended, Det. Engelhart removed appellant from the vehicle and found that appellant was in possession of approximately 284 ecstasy pills. Consequently, the state presented evidence that, if believed, provided proof of each of the essential elements of drug possession and drug trafficking. Moreover, we have carefully examined the entire record and fail to find any indication that the jury lost its way or that injustice resulted.

{¶ 25} Appellant's second assignment of error is overruled.

{¶ 26} Upon further review of the transcript and record, appellant conceded the remaining arguments raised in this appeal. Therefore, appellant's third and fourth assignments of error are overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

MELODY J. STEWART, P.J., and
KENNETH A. ROCCO, J., CONCUR

APPENDIX

Appellant's assignments of error:

I. "The state failed to present sufficient evidence to sustain a conviction against appellant."

II. "Appellant's convictions are against the manifest weight of the evidence."

III.    "The trial court committed reversible error when it failed to give the jury the accomplice testimony instruction."

IV.    "Appellant was denied effective assistance of counsel as guaranteed by Section 10, Article I, of the Ohio Constitution and the Sixth and Fourteenth Amendments of the U.S. Constitution."