[Cite as *State v. Woods*, 2018-Ohio-4856.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 106476

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**KYLE V. WOODS**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-609986-A

**BEFORE:** Blackmon, J., McCormack, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** December 6, 2018

-i-

**ATTORNEY FOR APPELLANT**

Kevin M. Cafferkey
55 Public Square, Suite 2100
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Anna M. Faraglia
Katherine Mullin
Assistant County Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


PATRICIA ANN BLACKMON, J.:

{¶1}    Kyle V. Woods ("Woods") appeals from the trial court's imposition of a nine-year prison sentence for various convictions concerning a firearm and assigns the following errors for our review:

> I.  The trial court erred when it sentenced Mr. Woods to a firearm specification on count 9 after it made no finding of guilt as to the firearm specification.
>
> II.  The trial court erred when it imposed a three year prison sentence pursuant to R.C. 2941.145 (firearm specification) for having a weapon under disability.
>
> III.    The trial court erred when it imposed a consecutive sentence of imprisonment to Woods' community control violation sentence in CR-15-594527-A.

{¶2}    Having reviewed the record and pertinent law, we affirm the decision of the trial court.  The apposite facts follow.

{¶3} On September 15, 2016, Woods shot and killed Kevin McQueen during a confrontation at a large apartment complex run by the Cuyahoga Metropolitan Housing Authority. On September 28, 2016, Woods was indicted on ten counts including murder and several charges relating to a firearm. The case went to a jury trial, with the exception of Counts 9 and 10, both of which charged Woods with having weapons while under disability. These two counts were tried to the bench. On October 25, 2017, the jury found Woods not guilty of murder, felonious assault, and voluntary manslaughter based on Woods's theory of self-defense. The jury found Woods guilty of carrying a concealed weapon and possessing a defaced firearm. Additionally, the court found Woods guilty of both counts of having weapons while under disability. Subsequently, the court merged Counts 9 and 10, and sentenced Woods to a total of nine years in prison: six months for carrying a concealed weapon and one year for possessing a defaced firearm, to run concurrently; three years for having weapons while under disability; consecutive to three years for a firearm specification; consecutive to a three-year sentence for violating community control sanctions in another case.[1]

{¶4} It is from this sentence that Woods appeals.

### Finding of Guilt on Firearm Specification

{¶5} Woods argues that his three-year sentence on the firearm specification should be void, because "[t]here was no finding of guilt to the firearm specification(s) in Count 9 on the record by the Court."

{¶6} Central to this argument is the discrepancy between the verdict read in open court and the associated judgment entry. When the verdict was read in open court, no mention was made of the one- and three-year firearm specifications charged with the two having weapons

---

[1] *See State v. Woods*, Cuyahoga C.P. No. CR-15-594527 (Oct. 31, 2017).

while under disability counts. However, the October 31, 2017 journal entry memorializing the verdict states that "the court finds the defendant guilty of having weapons while under disability 2923.13(A)(2) F3 with firearm specification(s) — 1 year (2941.141), firearm specification(s) — 3 years (2941.145) * * * as charged in count(s) 9 of the indictment." The journal entry uses identical language regarding Count 10, which is the second charge of having weapons while under disability charge. Count 9 and Count 10 merged for sentencing purposes, and the state subsequently elected to have the court sentence Woods on Count 9. At the sentencing hearing, the court stated that "[t]he defendant was also found guilty by the Court in their entirety of Count 9 and Count 10. * * * So we will, the Court will sentence on that 3-year firearm specification. * * * I'm sentencing you to 3 years on the underlying gun specification in count 9 * * *."

{¶7} The sentencing journal entry states that "the court found the defendant guilty of having weapons while under disability 2923.12(A)(2) F3 with firearm specification(s) - 1 year (2941.141), firearm specification(s) - 3 years (2941.145) * * * as charged in count(s) 9 of the indictment." The journal entry also states that the court sentenced Woods to three years in prison on the "firearm spec to be served prior to and consecutive with * * * the base charge."

{¶8} Woods argues that the "law requires a conviction of the R.C. 2941.145 firearm specification separate and apart from the underlying criminal offense." Woods supports this argument by citing to *State v. Holley*, 11th Dist. Ashtabula No. 98-A-0089, 1999 Ohio App. LEXIS 6101 (Dec. 17, 1999), which stands for the proposition that "the trial court should separately instruct the jury as to the elements of the R.C. 2941.141 or 2941.145 firearm specification, [so] the jury can render a conviction on the firearm specification that is distinct from the underlying criminal offense."

{¶9} Woods further argues that the court "has the same responsibility [as the jury] to consider the elements of the firearm specification and make a special finding on the record to

each specification."  To support this argument, Woods cites to Crim.R. 32(C), which states in pertinent part that a "judgment of conviction shall set forth the fact of conviction and the sentence."  "The rule is well established in this state that a court of record speaks only through its journal and not by oral pronouncement or a mere minute or memorandum."  *Schenley v. Kauth*, 160 Ohio St. 109, 111, 113 N.E.2d 625 (1953).  Upon review, we find that the journal entries comply with Crim.R. 32(C).

{¶10} Although somewhat unclear from his brief, we infer that Woods is alleging a violation of Crim.R. 43(A), which states, in pertinent part, that "the defendant must be physically present at every stage of the criminal proceeding and trial, including * * * the return of the verdict * * *."  The Ohio Supreme Court has recently clarified this rule in *State v. Wilks*, Slip Opinion No.  2018-Ohio-1562, ¶ 215:

> An accused has a fundamental right to be present at all critical stages of his criminal trial.  Article I, Section 10, Ohio Constitution; Crim.R. 43(A).  An accused's absence, however, does not necessarily result in prejudicial or constitutional error.  "[T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, *and to that extent only*."  (Emphasis added.)  *Snyder v. Massachusetts*, 291 U.S. 97, 107-108, 54 S.Ct. 330, 78 L.Ed. 674 (1934).

{¶11} In *Wilks*, the trial court held various sidebar and in-chambers conferences regarding prospective jurors and evidentiary objections.  The defendant was absent from these conferences, but his counsel was present.  *Id.* at ¶ 216-219. The Ohio Supreme Court found that "the defendant's counsel more than adequately represented his interests and * * * even assuming that counsel improperly waived his presence, appellant suffered no prejudice."  *Id.* at ¶ 220.

{¶12} The facts in *Wilks* differ from the facts in the case at hand.  However, we must decide if Woods's firearm specification conviction is "fair and just." R.C. 2938.11.(F)(11) offers guidance on this issue.  "Any verdict arrived at by the jury or finding determined by the judge or magistrate in trial to the court, shall be announced and received only in open court as soon as it is

determined. Any finding by the judge or magistrate shall be announced in open court not more than forty-eight hours after submission of the case to him [or her]."

**{¶13}** Despite containing the word "shall," R.C. 2938.11(F) has been held to be discretionary by this court. "R.C. 2938.11(F) which states a court shall announce any verdict in open court does not [prescribe] mandatory procedure by the court, but, rather, it is just a directory guideline suggested by the legislature." *Cleveland v. Criss*, 8th Dist. Cuyahoga No. 72862, 1998 Ohio App. LEXIS 5900 (Dec. 10, 1998). In *Criss*, this court rejected the defendant's argument that he "was denied due process of law when he was sentenced for an offense for which he had not been found guilty in open court." *See also State v. Harris*, 9th Dist. Lorain No. 17CA011109, 2018-Ohio-1329 (upholding a conviction when the verdict was announced by journal entry, rather than in open court, based on the discretionary nature of R.C. 2938.11(F)). *Harris* further notes that the purpose of R.C. 2938.11(F) "is to provide for the prompt disposition of criminal cases where there is a bench trial." *Id.* at ¶ 29.

**{¶14}** In the case at hand, Woods did not object to the court's reading of the verdict, and we cannot say that the failure to address the firearm specifications in open court violated Crim.R. 43. Accordingly, Woods's first assigned error is overruled.

### Having a Weapon While Under Disability With a Firearm Specification

**{¶15}** In Woods's second assigned error, he argues that the "charge of having weapons while under disability should not have a firearm specification because it punishes the Defendant twice for the exact same conduct." Specifically, Woods argues that these are allied offenses under R.C. 2941.25(B) and *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061.

{¶16} The Ohio Supreme Court has rejected the argument that penalties for firearm specifications are subject to merger with their predicate offenses under R.C. 2941.25. *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 19, holds that "the criminal offense of discharging a firearm at or into a habitation * * * and a firearm specification * * * are not allied offenses of similar import as defined in R.C. 2941.25, because a firearm specification is a penalty enhancement, not a criminal offense." Additionally, in *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, the Ohio Supreme Court applied this reasoning to a weapon while under disability charge and a firearm specification. "Dean cannot rely on [R.C. 2941.25] to argue that the sentences imposed for the firearm specifications, which are sentence enhancements, must merge with the weapons-under-a disability counts." *Id*. at ¶ 219.

{¶17} Although not raised in the trial court or his appellate brief, at oral arguments, defense counsel suggested that the court violated R.C. 2929.14(B)(1)(e) when it sentenced Woods to a firearm specification for having weapons while under disability. R.C. 2929.14(B)(1)(e) states in pertinent part that

> [t]he court shall not impose any of the prison terms [for a firearm specification] upon an offender for a violation of [R.C.] 2923.13 [having a weapon while under disability] unless all of the following apply:
>
> (i) The offender previously has been convicted of aggravated murder, murder, or any felony of the first or second degree.
>
> (ii) Less than five years have passed since the offender was released from prison
>
> or post-release control, whichever is later, for the prior offense.

{¶18} Pursuant to Crim.R. 52(B), failure to raise this issue in the trial court waives all but plain error. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." *Id.* "To prevail [on a plain-error analysis], appellant must show that an error occurred, that the error was plain, and that the error affected his

substantial rights." *State v. Wilks*, Slip Opinion No. 2018-Ohio-1562, ¶ 52. The Ohio Supreme Court has interpreted "substantial rights" to mean that the "error must have affected the outcome of the trial" or proceeding. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). "The power afforded to notice plain error, whether on a court's own motion or at the request of counsel, is one which courts exercise only in exceptional circumstances, and exercise cautiously even then." *State v. Long*, 53 Ohio St.2d 91, 94, 372 N.E.2d 804 (1978).

{¶19} Upon review, we find that Woods has failed to show that the court committed plain error under R.C. 2929.14(B)(1)(e). Specifically, there is no evidence in the record regarding whether Woods was previously convicted of aggravated murder, murder, or any first- or second-degree felony. Additionally, there is no evidence in the record regarding how many years have passed since he was released from prison or postrelease control. Without sufficient evidence of these two factors, Woods cannot show that the outcome of his sentence would have been different.

{¶20} Accordingly, Woods's second assigned error is overruled.

### Consecutive Sentences

{¶21} R.C. 2953.08(G)(2) provides, in part, that when reviewing felony sentences, the appellate court's standard is not whether the sentencing court abused its discretion; rather, if this court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under" R.C. Chapter 2929 or (2) "the sentence is otherwise contrary to law," then we may conclude that the court erred in sentencing. *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.

{¶22} Additionally, "to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *." *State v. Bonnell*, 140 Ohio St.3d 209,

2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.   Pursuant to R.C. 2929.14(C)(4), the court must find

consecutive sentences are "necessary to protect the public from future crime or to punish the

offender"; "not disproportionate to the seriousness of the offender's conduct and to the danger

the offender poses to the public"; and at least one of the following three factors:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive

> sentences are necessary to protect the public from future crime by the offender.

**{¶23}** In the instant case, Woods argues that the court erred by imposing the three-year

sentence for violating community control sanctions consecutive to the six-year sentence for the

weapons convictions, because "he was found not guilty of all the top charges in his Indictment."

Woods essentially concedes that the court make the proper statutory findings on the record, but

argues that the court ran his sentence consecutively as "a clear punishment for going forward

with trial in this case."

**{¶24}** At the sentencing hearing, the court noted that Woods should not have been

carrying a gun.

> He was on supervision to me for having it. * * * [Woods] is on supervision to the court where he's supposed to be getting a job, not carrying a weapon, not out partying [at the apartment complex] at midnight, at 1:00 in the morning. * * * He's drinking, he's out with a bunch of other convicted felons and he's carrying a gun. * * * And he knocks out another person for being disrespectful to him and his community. * * * If he had followed the rules that I gave to him when   he was   on   my   supervision,   that   would   have   prevented this.   * * * I mean, he killed someone that he believed was his brother, carrying a weapon that he shouldn't have had, in a place that he shouldn't have been, doing things with

people that he shouldn't have been doing, so to say that — to ask for a sentence that's relatively significant is I think disingenuous, to say that there's some sort of compromise. The compromise began when [Woods] was placed on supervision and I gave him an opportunity to comply with the rules and the laws of the State of Ohio. That was when the compromise was struck. That's when the bargain should have been complied with, that's when all of this was set in motion.

{¶25} The court reflected back to Woods's prior case when the court sentenced him to community control sanctions under the belief that Woods "had changed his life." The court found, however, that "[i]n fact, it has not been changed at all, not one iota." The court stated that it was "not sentencing [Woods] for committing * * * manslaughter or murder or anything, he was found not guilty of those things * * *." Rather, the court sentenced Woods for having weapons while under disability and violating community control sanctions imposed for a prior having a weapon while under disability conviction.

{¶26} Specifically as to the consecutive sentences, the court made the following findings:

I am imposing prison terms consecutively finding that consecutive service is necessary to protect the public from future crime and to punish this defendant; that the consecutive sentences are not disproportionate to the seriousness of this defendant's conduct and to the danger that this defendant poses to the public, and that the defendant committed one or more of these offenses while the defendant was awaiting trial or sentencing, or was under a community control sanction for, of course, the case that I previously mentioned.

{¶27} The court also stated that, "after going to trial, * * * [a]fter me listening to all the evidence, after me listening to you violate your supervision," consecutive sentences were appropriate.

I would have considered [concurrent sentences] had you of course accepted a plea to some sort of offense, but you did not. So then as I listened to the evidence in this particular case, I was particularly concerned about the idea that you were on probation to this court holding a gun, carrying a gun, shooting a gun while you were [at the apartment complex] that night, partying, on probation to this court.

**{¶28}** Upon review, we find that the court made the proper statutory findings concerning consecutive sentences, the record supports the court's findings, and Woods's nine-year prison sentence is not otherwise contrary to law. Furthermore, we cannot conclude that the court sentenced Woods to consecutive prison terms as "punishment" for going to trial. Accordingly, Woods's third and final assigned error is overruled.

**{¶29}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON,   JUDGE

TIM McCORMACK, P.J., CONCURS;
MELODY J. STEWART, J., CONCURS
IN JUDGMENT ONLY