[Cite as *State v. Wiley*, 2019-Ohio-3092.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,               :

                                     No. 107417

    v.                                        :

DEONTYE WILEY,                          :

    Defendant-Appellant.              :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 1, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-625495-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Caitlin E. Monter, Assistant Prosecuting Attorney, *for appellee.*

Stephen L. Miles, *for appellant.*

PATRICIA ANN BLACKMON, P.J.:

{¶ 1} Deontye Wiley ("Wiley") appeals from his convictions for drug trafficking, drug possession, and having weapons while under disability, as well as his four-year prison sentence. Wiley assigns the following errors for our review:

I. The trial court violated his double jeopardy rights by enhancing the weapons while under disability offense with a firearm specification.

II. The evidence was insufficient to support the convictions for drug trafficking, drug possession, and having weapon[s] while under disability.

{¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's judgment. The apposite facts follow.

{¶ 3} Following complaints of drug activity and gun shots at 3213 Tate Avenue in Cleveland, Ohio, police began an investigation. Surveillance revealed numerous people entering and leaving the house, consistent with drug activity. After conducting a controlled drug buy at that address, police obtained a warrant to search the premises, which was executed in the early morning hours of January 26, 2018. Wiley was found alone upstairs in the home. Both police and Ohio Adult Parole Authority databases indicated that Wiley resided at that address. No lights were on in the house, although a television was on in one of the upstairs bedrooms.

{¶ 4} Officers collected evidence forming the basis of Wiley's convictions from one of two adjoining rooms upstairs in the house: the previously mentioned bedroom with the television and the room adjacent to it, which is connected by a doorway. A detective described them as being set up as a "little efficiency." The first room contained a table, a microwave, and running water. The second room contained a bed, a dresser, a television, and a bookshelf. Although both rooms had doors that lead to the hallway, the bedroom door was blocked by the bookshelf, rendering the bedroom accessible only by way of the first room.

{¶ 5} The search of the first room revealed several items described as being used in the manufacturing of crack cocaine: a beaker, a plastic lid, and some spoons, all of which tested positive for cocaine residue. Officers found plastic sandwich bags that they explained are used as drug packaging. Police also found a crack pipe in a plastic container.

{¶ 6} In the bedroom, police discovered a bag of marijuana,[1] multiple scales that tested positive for cocaine and marijuana residue, five cell phones, and several rounds of 9 mm ammunition, including one spent bullet casing. On the dresser, police discovered three documents all bearing Wiley's name: a traffic citation, a booking sheet, and a document related to a municipal court case. Between the dresser and the bed, police found a locked safe. After opening the safe, officers discovered an operable, loaded 9 mm pistol, as well as crack cocaine and several packs of Newport cigarettes. One of the investigating detectives testified as to his conclusion that Wiley stayed in this bedroom and that he found no indication that anybody else stayed in it.

{¶ 7} While police were conducting the search, Wiley admitted to them that he "messed around" with marijuana and cocaine. Although police found no drugs on his person, Wiley had $471 in his pocket, which, a detective explained, was an amount of money indicative of drug sales. Wiley further admitted that the marijuana that officers found in the bedroom was his: "I'm going to be real with you,

---

[1] Wiley was not charged with possession of the marijuana. The possession charge in this case relates to crack cocaine.

that's my bud. I was smoking it." He also told the officers that he "mess[es] around with cocaine." Moreover, Wiley admitted that he smoked Newport cigarettes, the same brand found in the safe.

## Sufficiency of the Evidence

{¶ 8} Wiley argues that there was insufficient evidence for conviction. He claims that there was no evidence that linked him to the drugs or the firearm found in the safe and that there was no evidence that established that he sold drugs or prepared drugs for sale. We disagree.

{¶ 9} A challenge to the sufficiency of the evidence supporting a conviction requires this court to determine whether the state met its burden of production. *State v. Hunter*, 8th Dist. Cuyahoga No. 86048, 2006-Ohio-20, ¶ 41, citing *State v. Thompkins*, 78 Ohio St.3d 380, 390, 678 N.E.2d 541 (1997). When reviewing for sufficiency of the evidence, this court must determine "'whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. In a sufficiency inquiry, this court does not assess whether the state's evidence is to be believed but instead whether, if believed, the evidence admitted at trial supported the conviction. *State v. Starks*, 8th Dist. Cuyahoga No. 91682, 2009-Ohio-3375, ¶ 25, citing *Thompkins* at 387; *Jenks* at paragraph two of the syllabus.

{¶ 10} R.C. 2925.03(A) proscribes drug trafficking and in relevant part provides:

> No person shall knowingly * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance * * * when the offender knows or has reasonable cause to believe that the controlled substance * * * is intended for sale or resale by the offender or another person.

{¶ 11} R.C. 2901.22(B) defines the culpable mental state of "knowingly" and relevantly provides:

> A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist.

{¶ 12} R.C. 2925.11(A) proscribes drug possession and in relevant part provides:

> No person shall knowingly obtain, possess, or use a controlled substance * * *.

{¶ 13} "'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from the mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). Possession may be actual or constructive. *State v. Driggins*, 8th Dist. Cuyahoga No. 74940, 1999 Ohio App.LEXIS 5676 (Dec. 2, 1999), citing *State v. Haynes*, 25 Ohio St.2d 264, 267 N.E.2d 787 (1971); *see also State v. Butler*, 42 Ohio St.3d 174, 176, 538 N.E.2d 98 (1989) ("[t]o constitute possession, it is sufficient that the defendant has constructive possession, meaning immediate access * * *").

{¶ 14} "'Actual possession exists when the circumstances indicate that an individual has or had an item within his immediate physical possession.'" *State v. Johnson*, 8th Dist. Cuyahoga No. 95816, 2011-Ohio-3469, ¶ 11, quoting *State v. Kingsland*, 177 Ohio App.3d 655, 2008-Ohio-4148, 895 N.E.2d 633, ¶ 13 (4th Dist.). Constructive possession does not require immediate physical possession; it is established by proof that a person knowingly exercises dominion and control over the item. *State v. Natale*, 8th Dist. Cuyahoga No. 95278, 2011-Ohio-3974, ¶ 12; *see also State v. Slade*, 145 Ohio App.3d 241, 243, 762 N.E.2d 451 (8th Dist.2001) ("readily usable drugs in close proximity to an accused may constitute sufficient circumstantial evidence to support a finding of constructive possession"). "Knowledge and possession may be constructive in nature and may be proven entirely through circumstantial evidence." *Natale* at ¶ 12, citing *State v. Haynes*, 25 Ohio St.2d 264, 267 N.E.2d 787 (1971).

> Although a defendant's mere proximity is in itself insufficient to establish constructive possession, proximity to the object may constitute some evidence of constructive possession. * * * Thus, presence in the vicinity of contraband, coupled with another factor or factors probative of dominion or control over the contraband, may establish constructive possession.

*State v. Chafin*, 4th Dist. Scioto No. 16CA3769, 2017-Ohio-7622, ¶ 41, citing *Kingsland*.

{¶ 15} In addressing Wiley's claim that there is no evidence that ties him to the contents of the locked safe, we find *State v. Acevedo*, 2016-Ohio-7344, 71 N.E.3d 1281 (9th Dist.), to be instructive. In *Acevedo*, police found the defendant asleep in

a locked bedroom and in close proximity to a locked safe. *Id.* at ¶ 9, 20-21. There was evidence presented that it was the defendant's bedroom. *Id.* at ¶ 20. Search of the room revealed drug paraphernalia, drugs, a firearm, and mail addressed to the defendant. Although there was no evidence that the defendant was able to open the safe, the Ninth District nevertheless found sufficient evidence to conclude that he exercised the requisite dominion and control over its contents to sustain his conviction for possession of the drugs inside. *Id.* at ¶ 20.

{¶ 16} Here, the state presented sufficient evidence to establish that Wiley exercised dominion and control over the drugs and gun in the safe and thus convicted him of drug possession and having weapons while under disability. There is ample circumstantial evidence to confirm this conclusion. As mentioned, the police found Wiley upstairs by himself and the safe was in the bedroom with the television, located between the bed and the dresser. Police officers testified to the conclusion that this was Wiley's bedroom and that there was no indication that it belonged to, or was occupied by, anyone else. On the dresser next to the safe were the three documents bearing Wiley's name. Wiley admitted that the marijuana found in that bedroom was his and that he was smoking it, and Wiley admitted to police that he smoked the brand of cigarettes found in the safe. Finally, Wiley was listed as residing at that address in both police and Ohio Adult Parole Authority databases. Viewing this evidence in a light most favorable to the prosecution, there was sufficient evidence presented to convict Wiley of drug possession and having weapons while under disability.

{¶ 17} The state also presented sufficient evidence to convict Wiley of drug trafficking. The beaker, plastic lid, spoons, and scales — all with cocaine residue on them — plastic bags, cell phones, firearm, and money found on Wiley's person, constitute sufficient evidence upon which to base his conviction for drug trafficking. *See State v. Townsend*, 8th Dist. Cuyahoga No. 107177, 2019-Ohio-544, ¶ 16 ("courts have consistently found that items such as plastic baggies, wrapping devices, digital scales, and large sums of money are often used in drug trafficking and may constitute circumstantial evidence of" drug trafficking). Viewing this evidence in a light most favorable to the prosecution, there was sufficient evidence presented to convict Wiley of drug trafficking.

{¶ 18} Accordingly, we overrule Wiley's second assigned error.

## Sentencing Under R.C. 2929.14(B)(1)(e)

{¶ 19} Wiley argues that the trial court committed plain error by sentencing him to one year in prison for the firearm specification as an enhancement to his three-year prison sentence for having weapons while under disability. According to Wiley, the one-year firearm specification does not apply to a conviction for having weapons while under disability unless certain conditions found in R.C. 2929.14(B)(1)(e) are met. Wiley admits, however, that he failed to raise this issue in the trial court, and our appellate review is limited to plain error.

{¶ 20} "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). "To prevail [on a plain-error analysis,] appellant must show that an error occurred, that

the error was plain, and that the error affected his substantial rights." *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, 14 N.E.3d 1092, ¶ 52. The Ohio Supreme Court has interpreted "substantial rights" to mean that the "error must have affected the outcome of the trial" or proceeding. *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240. "The power afforded to notice plain error, whether on a court's own motion or at the request of counsel, is one which courts exercise only in exceptional circumstances, and exercise cautiously even then." *State v. Long*, 53 Ohio St.2d 91, 94, 372 N.E.2d 804 (1978).

{¶ 21} The conditions necessary for a court to sentence a defendant to a firearm specification for a weapons charge are as follows:

> (i) The offender previously has been convicted of aggravated murder, murder, or any felony of the first or second degree.

> (ii) Less than five years have passed since the offender was released from prison or post-release control, whichever is later, for the prior offense.

R.C. 2929.14(B)(1)(e).

{¶ 22} In the instant case, we find that Wiley has failed to show that the court committed plain error in sentencing him. This issue was not raised in the trial court, and Wiley presents no evidence on appeal that the two conditions found in R.C. 2929.14(B)(1)(e) do not apply to him. *See State v. Woods,* 8th Dist. Cuyahoga No. 106476, 2018-Ohio-4856, ¶ 19 (finding that "[w]ithout sufficient evidence of [the R.C. 2929.14(B)(1)(e)] factors, [the defendant] cannot show that the outcome of his sentence would have been different").

{¶ 23} Assuming, for argument's sake, that we were to review the merits of Wiley's assigned error, we would find that the two statutory conditions at issue apply to the instant case. According to the record, Wiley was previously convicted of involuntary manslaughter, which is a second-degree felony. This satisfies the first subsection of the statute.

{¶ 24} Furthermore, testimony from Wiley's trial makes it clear that he was under the supervision of the Adult Parole Authority at the time of the arrest in the case at hand. Cleveland Police Detective Lawrence Smith testified that he executed the search on January 26, 2018, at 3213 Tate Avenue, where Wiley was arrested, and "the Adult Parole Authority had him listed as being released to that home." Furthermore, defense counsel conceded on the record several times that Wiley was "on parole" when he was arrested for the offenses in the case at hand. This satisfies the second subsection of R.C. 2929.14(B)(1)(e).

{¶ 25} Accordingly, we find no plain error in the court's sentencing Wiley to a prison sentence for a firearm specification in connection with a conviction for having weapons while under disability. Wiley's first assigned error is overruled.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
EILEEN A. GALLAGHER, J., DISSENTS WITH
ATTACHED SEPARATE OPINION


EILEEN A. GALLAGHER, J., DISSENTING:

{¶ 27}  I respectfully dissent from the majority with regard to Wiley's first assignment of error challenging his sentence as it relates to the one-year firearm specification attached to the having weapons while under disability count.  On the record before this court, there is no basis to conclude that Wiley both: (1) had a previous conviction for aggravated murder, murder, or a felony of the first or second degree, and that (2) less than five years has passed since he was released from prison or postrelease control for that conviction, as required by R.C. 2929.14(B)(1)(e).

{¶ 28} Pursuant to R.C. 2929.14(B)(1)(e) a trial court may not impose a prison sentence for a one-year firearm specification for a having weapons while under disability violation unless both:

{¶ 29} (i) The offender previously has been convicted of aggravated murder, murder, or any felony of the first or second degree.

{¶ 30} (ii) Less than five years have passed since the offender was released from prison or post-release control, whichever is later, for the prior offense.

{¶ 31} The record before this court simply fails to establish that Wiley meets both of these conditions as required by the statute.

{¶ 32} The majority mistakenly concludes that the evidence that Wiley was under supervision at the time of this case is sufficient to "satisf[y] the second subsection of R.C. 2929.14(B)(1)(e)." Based on the plain language of the statute, merely being on postrelease control is not enough. R.C. 2929.14(B)(1)(e)(ii) requires that the postrelease control have been imposed "for the prior offense," which must have been "aggravated murder, murder, or any felony of the first or second degree." Here, even assuming that Wiley was on postrelease control, we simply do not know if it was imposed for a qualifying offense.

{¶ 33} Although the trial court stated generally that Wiley has a "very lengthy" criminal history, there is nothing in the record to establish that at the time of this case that Wiley was under supervision for aggravated murder, murder, or any felony of the first or second degree. The state included as exhibits journal entries from Cuyahoga C.P. Nos. CR-01-398446 and CR-14-591330; however, neither of these entries satisfy R.C. 2929.14(B)(1)(e).

{¶ 34} In CR-01-398446 Wiley pleaded guilty to aggravated robbery, a felony of the second degree. The journal entry reflects that the court sentenced Wiley to six years in prison and does not indicate any term of postrelease control as part of the sentence. Wiley would have completed this sentence in approximately

2007.  Although this conviction satisfies subdivision (i) because aggravated robbery is a second-degree felony, it fails to satisfy subdivision (ii) because it has been greater than five years since he was released.

{¶ 35} In CR-14-591330 Wiley pleaded guilty to drug possession, a felony of the fourth degree.  The journal entry reflects that the court sentenced Wiley to 18 months in prison to be followed by "up to 3 years" of postrelease control.  This conviction fails to satisfy subdivision (i) because it is a fourth-degree felony.

{¶ 36} For the first time on appeal, the state claims that Wiley has a previous conviction in a different case that satisfies R.C. 2929.14(B)(1)(e) and it urges us to consider that case.  Despite the state's assertion that this conviction meets the two requirements, it provided no basis by which we could conclude as much.  It failed to include the sentencing journal entry as part of the record before the trial court and further failed to make it part of the record before this court on appeal.  If Wiley had a previous conviction that satisfied both of the criteria required by R.C. 2929.14(B)(1)(e) the state could have easily and conclusively established this.  But it did not.

{¶ 37} I am aware of this court's decision in *State v. Woods*, 8th Dist. Cuyahoga No. 106476, 2018-Ohio-4856, in which the panel declined to find plain error in a defendant's challenge to his sentence pursuant to R.C. 2929.14(B)(1)(e) where the record was devoid of evidence to establish that he was previously convicted of aggravated murder, murder or any felony of the first or second degree and how many years had passed since he was released from prison or postrelease

control.  *Id.* at ¶ 19.  In that case, the panel found that "[w]ithout sufficient evidence of these two factors, [the defendant] cannot show that the outcome of his sentence would have been different."  *Id.*  In so finding, the court essentially puts the burden on the defendant to prove a negative.  I disagree with that analysis.

{¶ 38} Admittedly, R.C. 2929.14(B)(1)(e) does not specify the quantum of proof required to establish subdivisions (i) and (ii).  Nevertheless, the statute does make it abundantly clear that a court "shall not impose" a prison term "unless" both subdivisions apply.  *Id.*  Because there is no indication here that both of these subdivisions apply, I would vacate Wiley's sentence for having weapons while under disability and the attached firearm specification and remand the case for the limited purpose of determining whether, at the time of the sentencing, Wiley had a prior conviction that satisfied R.C. 2929.14(B)(1)(e).