[Cite as *State v. Sims*, 2021-Ohio-4009.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 109335 |
| | : | |
| JERRY SIMS, JR., | : | |
| Defendant-Appellant. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** November 5, 2021

---

Cuyahoga County Court of Common Pleas
Case No. CR-17-623047-A
Application for Reopening
Motion No. 547770

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Callista Plemel, Assistant Prosecuting Attorney, *for appellee.*

Robey and Robey and Gregory Scott Robey, *for appellant.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Applicant, Jerry Sims, Jr., seeks to reopen his appeal in *State v. Sims*, 8th Dist. Cuyahoga No. 109335, 2021-Ohio-1296. Sims claims that his appellate attorney was ineffective for failing to raise or properly argue issues surrounding the

admission of other acts evidence, expert testimony, and manifest weight. For the reasons that follow, we deny the application.

{¶ 2} The body of Jamarr Forkland was discovered inside a burning van by East Cleveland police on October 21, 2017. Sims was identified as a suspect in the murder of Forkland. On November 8, 2017, Sims was charged with 11 counts, including aggravated murder. The case proceeded to a jury trial, where Sims was found guilty of aggravated murder, murder, felonious assault, aggravated arson, offenses against a human corpse, and having weapons while under disability. He was sentenced to an aggregate term of life in prison with parole eligibility after 40.5 years.

{¶ 3} Sims appealed his convictions and sentence to this court. Appellate counsel raised seven assignments of error:

> I. The state engaged in prosecutorial Misconduct throughout the course of the trial that deprived [Sims] of his right to a fair trial.
>
> II. The individual and cumulative effect of Defense counsel's errors rendered counsel's performance deficient to the point of being ineffective, denying [Sims] his constitutional right to effective assistance of counsel.
>
> III. The trial court erred in permitting the introduction of improper character evidence in violation of [Evid.R.] 404(a)(1), denying [Sims] his constitutional right to a fair trial.
>
> IV. The trial court erred failing to recuse himself or in the alternative secure a valid and knowing agreement violating [Sims's] right to a fair trial.
>
> V. [Sims's] conviction was against the manifest weight of the evidence.

VI.  The state failed to present sufficient evidence to prove each and every element of the offense beyond a reasonable doubt.

VII.  The cumulative effect of the multitude of errors in this case deprived [Sims] of his constitutionally guaranteed right to a fair trial.

*Sims*, 8th Dist. Cuyahoga No. 109335, 2021-Ohio-1296, at ¶ 36.  This court, on April 15, 2021, overruled each assignment of error and affirmed Sims's convictions and sentences.

{¶ 4}  On July 8, 2021, Sims timely filed a motion to reopen his appeal, claiming that appellate counsel was ineffective for not raising or properly arguing the following three assignments of error:

I.  The trial court erred in permitting the admission of other[-]acts evidence against appellant.

II.  The trial counsel was ineffective for failing to present expert testimony on defendant's behalf.

III.  Appellant's conviction is against the manifest weight of the evidence, in view of the lack of credibility and inconsistent testimony of appellant's former girlfriend Erica Campbell.

The state timely filed a brief in opposition, arguing that the first and third proposed assignments of error were, in fact, raised by appellate counsel, and the second assignment of error was not a valid basis for reopening.

**Standard for Reopening**

{¶ 5}  App.R. 26(B) provides a prescribed means for asserting a claim of ineffective assistance of counsel on appeal.  The standard for ineffective assistance of appellate counsel is the standard applicable to claims of ineffective assistance of counsel announced in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052,

80 L.Ed.2d 674 (1984), and *State v. Reed*, 74 Ohio St.3d 534, 535, 660 N.E.2d 456 (1996). *State v. Simpson*, Slip Opinion No. 2020-Ohio-6719, ¶ 1. "[C]ourts of appeals should grant an application for reopening if the defendant shows a genuine issue as to whether he [or she] has a colorable claim that his appellate counsel's performance was deficient and that the deficient performance caused him prejudice." *Id.*

> Under that standard, an appellant must show that his appellate counsel's performance was deficient and that the deficient performance prejudiced him [or her]. Appellate counsel's performance must have been objectively unreasonable, and there must be a reasonable probability that the result of the appeal would have been different but for counsel's errors. Under *Strickland*, a reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings.

(Citations omitted.) *Id.* at ¶ 14.

**Manifest Weight**

{¶ 6} We will address the last assignment of error first. Appellant claims that his convictions are against the manifest weight of the evidence.

{¶ 7} As we previously stated, when analyzing a claim that a conviction is against the manifest weight of the evidence, the court

> "'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'"

*Sims*, 8th Dist. Cuyahoga No. 109335, 2021-Ohio-1296, ¶ 41, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 8} This assignment of error was raised in the direct appeal, and therefore, may not form the basis of a successful application for reopening. "Principles of res judicata prevent the relitigating of issues in an application to reopen that were previously considered in the direct appeal." *State v. Barnes*, 8th Dist. Cuyahoga Nos. 108857, 108858, and 109321, 2020-Ohio-4988, ¶ 13, citing *State v. Franklin*, 72 Ohio St.3d 372, 650 N.E.2d 447 (1995); *State v. Lindsey*, 8th Dist. Cuyahoga No. 106111, 2019-Ohio-3358, ¶ 9. App.R. 26(B)(2)(c) requires an applicant to submit "[o]ne or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation * * *." The manifest weight argument was considered on the merits in the direct appeal and Sims does not allege that it was considered on an incomplete record due to appellate counsel's representation. In fact, Sims asserts much of the same arguments in his application to reopen that were raised in his direct appeal.

{¶ 9} First, he claims the testimony of Erica Campbell is unreliable and contradictory. Campbell testified about events she observed on the day that Forkland was murdered, including witnessing Sims walking toward a van occupied

by Forkland, hearing gunshots, and then seeing Sims get into her vehicle holding a gun.

{¶ 10} This court found that Campbell's claimed lack of veracity argued in the direct appeal was unspecific. *Sims* at ¶ 43. Sims now attempts to point to specific instances of testimony or evidence contradictory to Campbell's testimony at trial. He points to three statements Campbell gave to police that were inconsistent with her trial testimony. However, this was presented to the jury during the trial and this court's independent review of the manifest weight of the evidence found Campbell's testimony to be "lengthy, coherent, and consistent." *Id.* at ¶ 45. This court's review included the claims of inconsistent prior statements that were raised on cross-examination, and nothing argued in the application indicates that the result would have been different had Sims specifically pointed to these statements.

{¶ 11} Sims also claims the statements and testimony of Antonio Roberson, who confessed to committing the crimes for which Sims was convicted, should have been more heavily argued on appeal. Again, this court considered those statements, his testimony, and the testimony of police detectives who attempted to interview Roberson. Detective Joseph Marche testified that Roberson had confessed to another killing. However, on investigating this claim, Detective Marche learned that Roberson was in county jail at the time of the murder to which he confessed. *Sims*, 8th Dist. Cuyahoga No. 109335, 2021-Ohio-1296, at ¶ 31. Roberson testified for the defense, and this testimony was reviewed on direct appeal. *Id.* at ¶ 32-35. This court was aware of these statements and testimony, and in our independent review of the

evidence presented against appellant, did not find that the weight of the evidence balanced in favor of acquittal. *Id.* at ¶ 47. There is nothing argued in the application for reopening, which asserts arguments more akin to a motion for reconsideration, that causes us to doubt that determination.

{¶ 12} Sims has not shown that counsel was ineffective for not making the arguments raised within this manifest weight challenge in this case.

**Evid.R. 404(B) — Other-Acts Evidence**

{¶ 13} In his first proposed assignment of error, Sims asserts that appellate counsel was ineffective for not arguing that the trial court improperly admitted other-acts evidence governed by Evid.R. 404(B). This rule generally prohibits the introduction of evidence "of other crimes, wrongs, or acts * * * to prove the character of a person in order to show action in conformity therewith." Such evidence may be admitted only if it falls within certain exceptions.

{¶ 14} Sims sites to three pieces of evidence that should not have come in: Ballistic comparison evidence, other firearms evidence, and statements about another shooting that involved the same firearm involved in Forkland's murder.

{¶ 15} These claims were raised in the direct appeal, albeit under different analytical frameworks. Appellate counsel argued that the prosecutor engaged in misconduct during opening statements and in eliciting testimony of ballistic comparisons regarding other offenses. *Sims,* 8th Dist. Cuyahoga No. 109335, 2021-Ohio-1296, at ¶ 49-58. Within these arguments, appellate counsel specifically argued that this evidence constituted impermissible other-acts evidence under

Evid.R. 404(B). *Id.* at ¶ 53. Appellate counsel also argued that the prosecutor committed misconduct when alluding to another criminal incident during trial, and we overruled that assignment of error after determining that, even if true, the statements constituted harmless error. *Id.* at ¶ 49-58. Further, appellate counsel argued that improper "other weapons" and ballistic evidence was adduced at trial without objection as part of the ineffective assistance of counsel claim. *Id.* at ¶ 65-75.

{¶ 16} These issues were considered on the merits in the direct appeal, and were decided in favor of the state. Again, principles of res judicata prevent relitigating these claims. *Barnes*, 8th Dist. Cuyahoga Nos. 108857, 108858, and 109321, 2020-Ohio-4988, ¶ 13. Even if these claims were not barred, Sims has still not established a genuine issue of appellate counsel's effectiveness.

{¶ 17} Generally, a claim that a court erred in the admission of improper other-acts evidence is reviewed under mixed de novo and abuse of discretion standards depending on the various steps of the analysis. *State v. Worley,* Slip Opinion No. 2021-Ohio-2207, ¶ 117, citing *State v. Hartman*, 161 Ohio St.3d 214, 2020-Ohio-4440, 161 N.E.3d 651, ¶ 22, 30. However, where no objection is raised, a plain error analysis applies.[1] *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, ¶ 177; *State v. Garcia-Toro*, 8th Dist. Cuyahoga No. 107940,

---

[1] Sims's application acknowledges that no objection was raised and trial counsel did not seek a curative instruction even though the trial court indicated one would be given if asked: "In sum, this evidence was unfairly prejudicial to appellant. Compounding the prejudicial impact was the lack of a defense objection and the lack of a curative instruction." (Citations omitted.)

2019-Ohio-5336, ¶ 32. This is the same type of deferential standard that applies to ineffective assistance of counsel claims, which we applied in the direct appeal. *Sims* at ¶ 71-72. Further, as we previously recognized, the admission of other-acts evidence is also subject to harmless error analysis. *Id.* at ¶ 80.

{¶ 18} Each of these claimed instances of the improper admission of other-acts evidence was argued in the direct appeal, and in each instance, we found no plain error, no harmless error, or no reversible error. *Sims,* 8th Dist. Cuyahoga No. 109335, 2021-Ohio-1296, at ¶ 58, 70-74, 80. Again, harmless error is applicable to an Evid.R. 404(B) analysis. *Id.* at ¶ 80, citing *State v. Chambers*, 8th Dist. Cuyahoga No. 99864, 2014-Ohio-390, ¶ 39-40. Therefore, arguing these alleged instances of error under the rubric of the improper admission of other-acts evidence as opposed to prosecutorial misconduct or ineffective assistance of trial counsel would not result in a different outcome. As we found previously, "the state presented overwhelming, well-corroborated testimonial evidence to prove appellant's guilt at trial." *Id.* at ¶ 58. Even if the evidence argued in the application was admitted in error, based on all the other evidence adduced at trial, it was harmless. *Id.* at ¶ 80.

{¶ 19} Therefore, Sims has failed to raise a cognizable claim of ineffective assistance of appellate counsel for this proposed assignment of error.

**Ineffective Assistance of Counsel:  Cell Phone Location Data Expert**

{¶ 20} Sims also claims in his second proposed assignment of error that appellate counsel was ineffective for not assigning as error trial counsel's failure to proffer expert testimony regarding cell phone location data.

{¶ 21} A claim of ineffective assistance of counsel is judged using the standard announced in *Strickland*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *State v. Bradley*, 42 Ohio St. 3d 136, 538 N.E.2d 373 (1989). "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *Id.* at paragraph two of the syllabus.

{¶ 22} Trial counsel's plan of attack was to use cross-examination to point to cell phone records associated with certain phone numbers and demonstrate that the phones associated with these numbers were not in the location of the crimes at the time they were committed using the cell phone tower mailing addresses listed on the records. Whether this trial tactic was effective is a matter of debatable trial tactics. "'Debatable trial tactics do not establish ineffective assistance of counsel.'" *State v. Snyder*, 5th Dist. Licking No. 2008-CA-25, 2009-Ohio-2473, ¶ 32, quoting *State v. Hoffner*, 102 Ohio St.3d 358, 2004-Ohio-3430, 811 N.E.2d 48, ¶ 45. "Trial counsel's failure to request an expert is a 'debatable trial tactic,' and does not amount to ineffective assistance of counsel." *Id.*, citing *State v. Thompson*, 33 Ohio St.3d 1, 9, 514 N.E.2d 407 (1987) (trial counsel's failure to obtain a forensic pathologist to "rebut" issue of rape was not ineffective assistance of counsel); *State v. Foust*, 105 Ohio St.3d 137, 2004-Ohio-7006, 823 N.E.2d 836, ¶ 97-99 (trial counsel's failure to request funds for a DNA expert, an alcohol and substance-abuse expert, a fingerprint expert, and an arson expert did not amount to ineffective assistance of

counsel because appellant's need for experts was "highly speculative" and counsel's choice "to rely on cross-examination" of prosecution's expert was a "legitimate tactical decision"); *State v. Yarger*, 6th Dist. Huron No. H-97-014, 1998 Ohio App. LEXIS 1837 (May 1, 1998) (trial counsel's failure to hire an expert medical doctor to rebut state's expert witness was not ineffective assistance of trial counsel); *State v. Rutter*, 4th Dist. Hocking No. 02CA17, 2003-Ohio-373, ¶ 19, 28 (trial counsel's failure to hire an accident reconstructionist did not amount to ineffective assistance of counsel).

{¶ 23} Standing alone, "the failure to call an expert and instead rely on cross-examination does not constitute ineffective assistance of counsel." *State v. Nicholas*, 66 Ohio St.3d 431, 436, 613 N.E.2d 225 (1993), citing *Thompson* at 10-11). This court relied on *Nicholas* when scrutinizing a proposed assignment of error in an application for reopening that argued trial counsel was ineffective for failing to call an expert witness to challenge the state's DNA expert witness testimony. *State v. Powell*, 8th Dist. Cuyahoga No. 107276, 2020-Ohio-3887, ¶ 37. In rejecting the claim, the *Powell* Court determined that relying on cross-examination rather than calling a defense expert witness does not constitute ineffective assistance of counsel. *Id.*, quoting *Nicholas* at 436. The court also noted the speculative nature of such an argument: "[W]ithout an expert report upon which to rely, any argument about what the expert would have said is speculation, and speculation is insufficient upon which to base an appellate argument." *Id.*, citing *State v. Addison*, 8th Dist.

Cuyahoga No. 90642, 2009-Ohio-2704; and *State v. Schwarzman*, 8th Dist. Cuyahoga No. 100337, 2015-Ohio-516.

{¶ 24} Here, the state obtained an expert witness who submitted a report and testified about cell phone locations in terms of being in the general area of the radius of certain cellular towers at certain times. Without any indication of how an expert retained by defense counsel would challenge this testimony, Sims claims trial counsel was ineffective. Supposition is insufficient to establish a genuine issue regarding trial counsel's performance. *Id.*

{¶ 25} Sims's application for reopening does not establish a genuine issue of appellate counsel's effectiveness. Therefore, the application is denied.

_____

MICHELLE J. SHEEHAN, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR