[Cite as *State v. Krill*, 2023-Ohio-1216.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                         :

    Plaintiff-Appellee,                      :

                                  No. 111613

    v.                                                    :

KYLE KRILL,                                            :

    Defendant-Appellant.                   :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 13, 2023

---

Criminal Appeal from the Cuyahoga County Common Pleas Court
Case Nos. CR-21-665757-A and CR-21-665897-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Thomas Rovito, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Jonathan Sidney, Assistant Public Defendant, *for appellant.*

ANITA LASTER MAYS, A.J.:

{¶ 1} Defendant-appellant Kyle Krill ("Krill") appeals his guilty convictions and asks this court to vacate his sentence and remand for a new trial. We affirm Krill's convictions and sentence.

{¶ 2} Krill was indicted in two different cases, Cuyahoga C.P. Nos. CR-21-665757 and CR-21-665897, stemming from incidents occurring on November 24, 2021, and November 26, 2021, respectively. The cases were joined together for trial. Krill elected to bifurcate each offense of having weapons while under disability to be heard before the trial judge. In Cuyahoga C.P. No. CR-21-665757, after a jury trial, Krill was found not guilty of one count of kidnapping, abduction, felonious assault, and domestic violence. The trial court found Krill guilty of having weapons while under disability, with attached one-year, 18-month, three-year, and 54-month firearm specifications. In Cuyahoga C.P. No. CR-21-665897, after a jury trial, Krill was found not guilty of discharging of firearm on or near prohibited premises. Krill was found guilty by the trial court of having weapons while under disability, with attached one-year, 18-month, three-year, and 54-month firearm specifications.

{¶ 3} The trial court sentenced Krill to an aggregate total of 117 months imprisonment, which included the 54-month firearm specifications on each count of having weapons under disability and nine months for the underlying felony. In its journal entry the trial court stated that it considered all required factors of the law and found that prison is consistent with the purpose of R.C. 2929.11.

I.    Facts and Procedural History

**{¶ 4}** On April 20, 2022, Krill's trial began and after voir dire, Krill executed a jury waiver in regards to the having weapons while under disability counts. The following conversation between the trial court, Krill's trial counsel, and Krill occurred:

Court:        We're back on the oral record outside of the presence of the jury.

              Has Mr. Krill, [trial counsel], executed a jury waiver, a partial jury waiver, on the various NPC/RVO and prior conviction?

Counsel:      We went over it. He understands it and he's ready to sign it and sign it in the courtroom.

Court:        Mr. Krill, first of all, good afternoon again.

Defendant:    Good afternoon.

Court:        Are you able to read and write in English?

Defendant:    Yes, sir.

Court:        Did you read the partial jury waiver before you signed them?

Defendant:    Yes, Your Honor.

Court:        Now, do you understand that for the repeat violent offender spec, the notice of prior conviction, and any proof that the prosecutors require to make of a prior conviction to either enhance a firearm specification or the domestic violence charge, you have a right to have this jury decide those issues; do you understand that?

Defendant:    Yes, Your Honor.

Court: And do you understand that the jury could not find beyond a reasonable doubt that those things, those issues, have been proved until and unless all twelve of them agree that proof exists beyond a reasonable doubt of the particular allegations depending on whether it is the NPC, RVO, or the prior conviction; do you understand that?

Defendant: Yes, Your Honor.

Court: So, if even one person did not agree it's proof beyond a reasonable doubt, they could not come back with a finding against you on one or more of those things?

Defendant: Yes, Your Honor.

Court: On the other hand, when you try these things to the Court in a bench trial, only one person, me, has to make the decision. So, when I'm deliberating whether these things have been proved, I don't have anyone, if I should happen to be leaning towards finding you guilty — finding these proved beyond a reasonable doubt to give you my reasons why I'm wrong and I should reconsider my initial feelings.

In other words, the only downside is there is no one to question whether I have considered everything that's relevant and so on. Do you understand that?

Defendant: Yes, Your Honor.

Court: Of course, by the same token, if I'm leaning towards finding these things not proved, there is no one telling me I should reconsider because I have taken into account some other factor that was not raised in evidence.

But that's the primary difference between a jury trial and a bench trial, and I believe that you understand that. The other thing is, without asking you what your reasoning is, without going into your strategy or your

confidential communications with your lawyer, do you perceive that it may be more beneficial to you to have the Court decide these matters rather than a jury?

Defendant: No, Your Honor.

Court: Why not?

Defendant: I feel like the jury is my better offer, my best bet.

Court: All right. Well, again, I'm not going to get into what you may or may not have discussed with your lawyer.

By the way, I will include, of course, the weapons while under disability charge as well. Now that one — let me back up.

Here is some of the things that you are waiving the jury on: The entire weapons under disabilities charge — let me make sure.

In the case from November 24th, that count entirely would be up to me to decide upon the evidence.

And then the other things that would be up to me entirely would be the — anywhere that prior conviction is alleged to have made this for the domestic violence a felony 4 instead of a misdemeanor 1.

Well, instead of saying — let me go through them by number.

The things that I would be deciding if you waive this jury trial are as follows:

Number one, the allegation of the prior conviction on every 18 month firearm spec and every 54 month firearm spec.

Number 2, the entirety of Count 2 of the November 24th case weapons while under disability.

Number 3, the notice of prior conviction on Counts 1 and 3 in the case from November 26th, and the repeat violent offender specs in the case from November 26th.

Now, on those things, and of course on the prior conviction for any count, if the jury happens to find you not guilty of any count where there is a prior conviction that's at issue, or a notice of prior conviction, or repeat violent offender spec, then I would have nothing to decide because to find you guilty of notice of prior conviction or repeat violent offender requires a guilty finding on the underlying count.

So the jury would still be deciding those underlying counts. If they found you guilty on one, some, or all of those, I would deliberate, and I would find you guilty or not guilty on the conviction on the RVO.

Now, for the two — I'm sorry — there are two weapons under disability counts. One is Count 2 in the November 24th case. And the other is Count 5 in the November 26th case. So, there I would be deciding those and it is possible, for example — well, here are the possibilities on those two.

It may be that the jury finds you not guilty of everything. Even if that happens, I could still, depending on the evidence and my reaction to it, find you guilty of a weapons under disability charge.

The opposite is also true. It may be that the jury finds you guilty of everything that it's deciding. I could still find you not guilty of the weapons while under disability, so those two counts, because they would all be within my ability to decide, but all other counts would be the jury's decision to decide, and then I would only decide certain things, the NPC and RVO if the jury found you guilty.

Now going back to your reasoning or not. I don't know for sure, but typically when a defendant in your position tries certain counts and issues to the jury and tries other counts and issues to the Court, it's because the defendant would prefer that a jury not receive evidence of a prior conviction or a prior similar conduct. I don't know for a fact that that's what's happening here because I'm not in a private conversation that you have with your lawyer. I'll infer that's likely, but I recognize that there may be other reasons that the questions of a bench trial on these certain issues was brought up.

So, when I asked you do you perceive that there may be a benefit to you to have certain issues that were discussed tried to the Court, that's what I'm talking about. In other words, do you think that without guarantees of a certain result may work out better for you?

Defendant: Yes, Your Honor.

Court: All right. And I just want to assure you that the decision that you are making is a decision that many defendants before you have made, and by the same token, many defendants in your position haven't done the same thing. All I need to be sure of is, first of all, your decision to do this is voluntary; and second, that you are aware of what the differences are on these counts and these issues between having a jury deciding or the Court; and third, that a waiver of a jury trial is not coerced.

So on that final issue, are you, Mr. Krill, being forced or pressured to try these certain issues to the Court and the rest to the jury?

Defendant: No, Your Honor.

Court: Did you then read this and sign this to waive these rights voluntarily?

Defendant: Yes, Your Honor.

Court:       All right.  I'm going to trust that you are telling me the truth, and I'm going to accept the waiver on those issues.

(Tr. 160-168.)

{¶ 5}  At the conclusion of the jury trial, Krill was found not guilty of all offenses tried to the jury.  On the bifurcated weapon offenses, the trial court found Krill guilty of both counts of having weapons while under disability and the accompanying firearm specifications, stating as follows:

> On Count 2, weapons under disability, in the November 24th case which is number 665897, Mr. Krill, I find that you are in fact guilty of having weapon under disability, and you are guilty of the firearm specifications as well.  Every one of them, to be honest with you, because clearly you had a firearm, and to me, used it and then the prior conviction is known.
>
> You are also ordered to forfeit the gun on that.
>
> Then for weapons under disability two days later, I do find beyond a reasonable doubt that you had carried or used a firearm on that date, and that the other count, the specs, are proved as well.
>
> The other things that I was charged with considering, the notice of prior conviction and — I'm sorry — the RVO specs are moot.  There is no decision for me to make based on the not guilty findings.
>
> The two counts of weapons under disability, however, are entirely independent of the jury's determinations.  So I just find beyond a reasonable doubt that gun was yours, that it was under your control on both days, and that it was used on both days.
>
> So you are guilty of those crimes.  It is necessary to proceed to sentencing.

(Tr. 625-626.)

{¶ 6} At sentencing, Krill stipulated conceded that he was on postrelease control at the time of the offenses. (Tr. 636.) Krill's trial counsel requested that the trial court run the sentences concurrently instead of consecutively. The trial court stated:

> Under Revised Code 2929.14(B)(1)(e), I do find after having found Mr. Krill guilty of having weapons under disability in violation of Revised Code 2923.13 on both of these counts, I do find that he previously has been convicted of a felony of the second degree, namely the felonious assault and the improper discharge in the prior case, and I find that less than five years have passed since he was released from prison or postrelease control. Indeed, he's still on postrelease control.
>
> In other words then, prison terms must be imposed on the gun specs for short [sic].

(Tr. 644-645.)

{¶ 7} The state advised the trial court that consecutive sentences on the firearm specifications were mandatory per R.C. 2929.14(C)(1)(a). The trial court stated:

> Additionally, I am considering the sentencing laws after Revised Code Section 2929 including in particular Revised Code Section 2929.14(C)(1)(a).
>
> After having considered all of that information, sir, in case number 665897 from November 24th you are ordered on the felony itself to serve nine months at the Lorain Correctional Institution.
>
> In case 665757 from November 26th, you are ordered on the felony itself to serve nine months at LCI. Those sentences are ordered to be served concurrently, which is to say a single nine month prison term for the felonies themselves.

However, on the firearm specifications in each case you are ordered to serve 54 months on all specs in the one case, and 54 months on all specs in the other case, and these sentences are obligated under the section of the Revised Code just mentioned to be served consecutively, meaning one after the other. So your prison term will be 54 months, plus 54 months, plus nine months, which is to say nine years and nine months.

(Tr. 657-658.)

{¶ 8} Krill filed this appeal assigning four errors for our review:

1. The trial court plainly erred in imposing prison terms on the firearms specifications, in violation of Krill's right to trial by jury, because the elements required to authorize these prison terms were not appropriately subject to judicial-fact finding;

2. Krill received ineffective assistance of counsel at sentencing when counsel failed to object to the imposition of prison terms on the firearms specifications;

3. Krill's purported waivers of right to trial by jury were invalid in total because they were not voluntary, knowing, and intelligent; and

4. Krill's purported waiver of right to trial by jury were invalid as to the 3-year and 54-month firearms specifications because they were not voluntary, knowing, and intelligent.

{¶ 9} We will jointly review assignments of error three and four first and then one and two, separately.

## II. Waiver of Right to Trial by Jury

{¶ 10} In Krill's third assignment of error, he argues that his waiver of right to a trial by jury was invalid because it was not voluntary, knowing, and intelligent. Krill argues that the trial court failed to make an effort to ascertain whether Krill

genuinely felt it was in his interest to waive his jury trial right. "A criminal defendant's right to a jury trial is guaranteed in the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 5 and 10, of the Ohio Constitution." *State v. Morris*, 8th Dist. Cuyahoga No. 107674, 2019-Ohio-3184, ¶ 31, citing *State v. Burnside*, 186 Ohio App.3d 733, 2010-Ohio-1235, 930 N.E.2d 372, ¶ 45 (2d Dist.). "Regarding serious offenses, an accused may not be deprived of this right unless it is knowingly, intelligently, and voluntarily waived." *Id.*, citing *Duncan v. Louisiana*, 391 U.S. 145, 154, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); R.C. 2945.05; Crim.R. 23(A).

{¶ 11} R.C. 2945.05 further clarifies the requirements to be met before a criminal defendant may waive his right to a jury trial:

> In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: "I, _____, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury."

*Id.*

{¶ 12} "Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel." *State v. Da Vonne Phillips*, 8th Dist. Cuyahoga No. 110526, 2022-Ohio-375, ¶ 15.

"Under the plain language of Section 2945.05, the entirety of a defendant's jury-trial waiver must be in writing." *Morris*, at ¶ 34, citing R.C. 2945.05; *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279, ¶ 9. "The Ohio Supreme Court explained that 'to be valid, a waiver [under R.C. 2945.05] must meet five conditions. It must be (1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court.'" *Id.*

{¶ 13} First, the trial court and Krill's trial counsel acknowledged that the waiver was in writing and signed by the defendant. (Tr. 168.) Second, the waiver was filed and made part of the record in open court. (Tr. 160-168.) Krill stated that he was not coerced or pressured to waive his right to a jury trial. (Tr. 167.) Krill's argument that the trial court failed to make certain that his waiver was knowing, voluntary, and intelligent is therefore misplaced.

> In *Lomax*, however, the Supreme Court made clear: "'We do not mandate magic words, or a prolonged colloquy, but simply what Ohio law intends — that a defendant while in the courtroom and in the presence of counsel, if any, acknowledge to the trial court that the defendant wishes to waive the right to a jury trial.'"

*State v. Fisher*, 8th Dist. Cuyahoga No. 101365, 2015-Ohio-597, ¶ 22, quoting *Lomax* at ¶ 48.

{¶ 14} Krill was represented by counsel, and he acknowledged to the trial court, in the presence of his counsel, that he was waiving his right to a jury trial. He also executed the waiver in writing, as required by the statute. Thus, Krill's waivers were not invalid.

{¶ 15} In Krill's fourth assignment of error, he argues that his waiver of right to trial by jury was invalid as to the three-year and 54-month firearm specifications. Krill's argument is identical for his argument in assignment of error three. Krill, specifically, argues that the trial court mislead him when it stated:

> Now, do you understand that for the repeat violent offender spec, the notice of prior conviction, and any proof that the prosecutors require to make of a prior conviction to either enhance a firearm specification or the domestic violence charge, you have a right to have this jury decide those issues; do you understand that?

(Tr. 161.)

{¶ 16} We determine that the trial court's statement was not misleading. The record reveals that the trial court thoroughly informed Krill of his options as it related to having weapons while under disability charges and specifications being tried to the court. As noted above, the trial court explained as follows:

> By the way, I will include, of course, the weapons while under disability charge as well. Now that one — let me back up.
>
> Here is some of the things that you are waiving the jury on: The entire weapons under disabilities charge — let me make sure.
>
> In the case from November 24th, that count entirely would be up to me to decide upon the evidence.
>
> And then the other things that would be up to me entirely would be the — anywhere that prior conviction is alleged to have made this for the domestic violence a felony 4 instead of a misdemeanor 1.
>
> Well, instead of saying — let me go through them by number.
>
> The things that I would be deciding if you waive this jury trial are as follows:

Number one, the allegation of the prior conviction on every 18 month firearm spec and every 54 month firearm spec.

Number 2, the entirety of Count 2 of the November 24th case weapons while under disability.

Number 3, the notice of prior conviction on Counts 1 and 3 in the case from November 26th, and the repeat violent offender specs in the case from November 26th.

Now, on those things, and of course on the prior conviction for any count, if the jury happens to find you not guilty of any count where there is a prior conviction that's at issue, or a notice of prior conviction, or repeat violent offender spec, then I would have nothing to decide because to find you guilty of notice of prior conviction or repeat violent offender requires a guilty finding on the underlying count.

So the jury would still be deciding those underlying counts. If they found you guilty on one, some, or all of those, I would deliberate, and I would find you guilty or not guilty on the conviction on the RVO.

Now, for the two — I'm sorry – there are two weapons under disability counts. One is Count 2 in the November 24th case. And the other is Count 5 in the November 26th case. So, there I would be deciding those and it is possible, for example — well, here are the possibilities on those two.

It may be that the jury finds you not guilty of everything. Even if that happens, I could still, depending on the evidence and my reaction to it, find you guilty of a weapons under disability charge.

The opposite is also true. It may be that the jury finds you guilty of everything that it's deciding. I could still find you not guilty of the weapons while under disability, so those two counts, because they would all be within my ability to decide, but all other counts would be the jury's decision to decide, and then I would only decide certain things, the NPC and RVO if the jury found you guilty.

Now going back to your reasoning or not. I don't know for sure, but typically when a defendant in your position tries certain counts and issues to the jury and tries other counts and issues to the Court, it's because the defendant would prefer that a jury not receive evidence of a prior conviction or a prior similar conduct. I don't know for a fact that that's what's happening here because I'm not in a private conversation that you have with your lawyer. I'll infer that's likely, but I recognize that there may be other reasons that the questions of a bench trial on these certain issues was brought up.

So, when I asked you do you perceive that there may be a benefit to you to have certain issues that were discussed tried to the Court, that's what I'm talking about. In other words, do you think that without guarantees of a certain result may work out better for you?

(Tr. 163-167.)

{¶ 17} The trial court informed Krill that he had a right to have a jury decide those particular issues. Krill argues that he was confused about the consequences of the waiver regarding possession of the firearm. However, the record does not indicate that Krill was confused, stated that he was confused, or asked clarifying questions regarding the waiver. As previously stated, the requirements to execute a jury waiver are: (a) the waiver must be in writing; (b) signed by the defendant; (c) filed; (d) made part of the record; and (e) made in open court. *Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279, ¶ 9. The record reflects that the trial court fully complied with those requirements, and appellant has failed to demonstrate that his jury waiver was not knowingly, voluntarily, and intelligently made.

{¶ 18} Therefore, Krill's third and fourth assignment of error are overruled.

## III. Firearm Specifications and Judicial Fact-Finding

{¶ 19} In Krill's first assignment of error, he argues that the trial court erred by imposing prison terms on the firearm specifications. Specifically, he argues that the trial court's verdict did not encompass the following facts: that less than five years passed since Krill was released from prison or postrelease control for a prior offense that was a felony of the first- or second-degree; and that the weapons while under disability counts were not committed as part of the same act or transaction in accordance with R.C. 2929.14(B)(1)(b). However, the evidence for that finding was presented at trial. The trial court explained that Krill and his trial counsel stipulated to his prior conviction and that he was released from prison less than five years ago for the purpose of the firearm specification and the weapons while under disability count. The trial court stated:

> Okay. So, the idea is, [counsel], that you and Mr. Krill stipulate that the prior offense is proved for the purpose of proving the various 18-month firearm specifications and that proof, any proof, any evidence of that prior conviction — I'm sorry, for the 54-month specs as well, as well as the notice of prior conviction and the RVO, and that now dispenses with any evidence of that prior conviction?

(Tr. 24.) To which Krill's counsel responded, "Yes, Your Honor." *Id.*

{¶ 20} Krill's argument is also misplaced because the trial court did find that less than five years passed since Krill was released from prison or postrelease control and Krill stipulated to this fact. The trial court stated:

> Under Revised Code 2929.14(B)(1)(e), I do find after having found Mr. Krill guilty of having weapons under disability in violation of

Revised Code 2923.13 on both of these counts, I do find that he previously has been convicted of a felony of the second degree, namely the felonious assault and the improper discharge in the prior case, and I find that less than five years have passed since he was released from prison or postrelease control. Indeed, he's still on postrelease control.

In other words then, prison terms must be imposed on the gun specs for short.

(Tr. 644-645.)

{¶ 21} Additionally, the trial court found that the acts were not committed as part of the same act or transaction. The state argued that the Krill's actions were part of two separate actions. The state stated:

Thus, for all of the reasons the State of Ohio would take the position that because we are looking at two separate acts or occurrences because we are looking at events that took place within two days of each other, they were in the same general vicinity, your Honor.

However, with the first incident it started outside on November 24th and proceeded inside. With the incident of November 26th it started inside the home and then proceeded outside the home, and the general same parties were involved.

For all of these reasons, the State of Ohio takes the position these were different acts or occurrences, and thus the two 54-month specifications can be ran consecutively to each other. Thank you, your Honor.

(Tr. 631-632.) The trial court agreed with the state and sentenced Krill to consecutive terms.

{¶ 22} Krill also argues that the trial court's imposition of prison sentences on the specifications violated Krill's right to trial by jury. To support his contention, he cites *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 3,

quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which states that "'[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Id.* However, Krill's argument is misplaced because he did have a prior conviction. Thus, the trial court is following the law in *Foster*. Also, Krill waived his right to a jury trial with regard to the firearm specification.

{¶ 23} There are countless cases in our jurisdiction where the trial court has sentenced an offender on firearm specifications after a bench trial. *See, e.g.*, *Parham v. McManamon*, 8th Dist. Cuyahoga No. 103679, 2016-Ohio-3264, ¶ 2; *State v. Nelson*, 8th Dist. Cuyahoga No. 110593, 2022-Ohio-1665; *State v. Watson*, 8th Dist. Cuyahoga No. 109044, 2020-Ohio-3462; and *State v. Woods*, 8th Dist. Cuyahoga No. 106476, 2018-Ohio-4856. Similar to our instant case, in *Woods*, the appellant elected to have a bench trial on the having weapons while under a disability counts. The trial court found Woods guilty and sentenced him on the firearm specifications. The trial court's decision was affirmed by this court, because the trial court has the authority to impose prison terms on firearm specifications.

{¶ 24} Therefore, Krill's first assignment of error is overruled.

## IV. Ineffective Assistance of Counsel.

{¶ 25} In Krill's second assignment of error, he argues that he received ineffective assistance of counsel at sentencing when counsel failed to object to the

imposition of prison terms on the firearm specifications. "A claim of ineffective assistance of counsel is judged using the standard announced in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *State v. Sims*, 8th Dist. Cuyahoga No. 109335, 2021-Ohio-4009, ¶ 21, citing *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). "'Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.'" *Id.*, quoting *Bradley*, at paragraph two of the syllabus.

{¶ 26} "The Sixth Amendment to the United States Constitution guarantees a defendant the effective assistance of counsel at all 'critical stages' of a criminal proceeding, including sentencing." *State v. Debose*, 8th Dist. Cuyahoga No. 109531, 2022-Ohio-837, ¶ 20, citing *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio- 309, 146 N.E.3d 560, ¶ 7 ("sentencing is a critical stage in which a felony offender has a right to counsel"), citing *State v. Schleiger*, 141 Ohio St.3d 67, 2014-Ohio-3970, 21 N.E.3d 1033, ¶ 15, and *Gardner v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977).

{¶ 27} However, we previously determined that the trial court had the authority to sentence Krill on the firearm specifications. Thus, his trial counsel did not err or provide ineffective assistance of counsel when trial counsel did not object to the imposition of prison terms. "Trial counsel is not ineffective for failing to make

a futile argument." *State v. Trafton*, 12th Dist. Warren No. CA2022-06-040, 2023-Ohio-122, ¶ 29, citing *State v. Martinez*, 1st Dist. Hamilton No. C-180580, 2019-Ohio-3350, ¶ 12, citing *State v. Black*, 1st Dist. Hamilton No. C-100357, 2011-Ohio-1330, ¶ 23 (the failure to make a futile argument is not ineffective assistance of counsel).

**{¶ 28}** Therefore, Krill's second assignment of error is overruled.

**{¶ 29}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

ANITA LASTER MAYS, ADMINISTRATIVE JUDGE

FRANK DANIEL CELEBREZZE, III, J., and
MARY EILEEN KILBANE, J., CONCUR

KEYWORDS
#111613


Waiver of jury trial; firearm specifications; ineffective assistance of counsel. The trial court did not err when it accepted the appellant's jury trial waiver because the waiver was executed in open court, signed, and the appellant was represented by counsel. The trial court did not err when it sentenced the appellant on firearm specifications because the trial court has the authority to sentence and made the necessary findings. The appellant was not rendered ineffective assistance of counsel for counsel's failure to object to the trial court's imposition of a prison sentence on the firearm specifications, because the trial court has the authority to sentence the appellant on firearm specifications.